IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LINDA G. WILLIAMS,

       Plaintiff,

v.

CITIMORTGAGE, INC. and
THE BANK OF NEW YORK, *as trustee for CWABS Asset backed Certificates trust 2001-1*,

       Defendants.

CIVIL ACTION No.

1:11-cv-03192-JEC

## ORDER & OPINION

This case is before the Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B) (2014). The Court has considered the record and, for the following reasons, concludes that plaintiff's Complaint [3] is frivolous, fails to state a claim upon which relief may be granted, and should be **DISMISSED WITHOUT PREJUDICE**.

### BACKGROUND

This case arises out of an allegedly wrongful foreclosure. Plaintiff Linda G. Williams is the owner of a house located at 944 Hemingway Road in Stone Mountain, Georgia, which she purchased after obtaining a loan from Leadership Mortgage Services, Inc. ("Leadership"). (Compl. [3] at ¶¶ 1, 9, 22.) Plaintiff alleges that "at the time of origination", Leadership sold her loan to The Bank of

New York in its capacity as trustee for CWABS Asset-Backed Certificates Trust 2001-1 ("Bank of New York"). (*Id.* at ¶¶ 11, 13, 17, 30.) Although plaintiff alleges that her loan was sold to Bank of New York, defendant Citimortgage, Inc. ("Citi") "contends that it is and was the owner of [plaintiff's] mortgage". (*Id.* at ¶ 18.)

On or around August 29, 2011, Citi, through its counsel McCurdy & Candler, LLC, notified plaintiff that it intended to foreclose upon her property on October 4 of that year. (*Id.* at ¶¶ 8, 46.) With the date of foreclosure looming, plaintiff filed her Complaint [3] and application to proceed before this Court *in forma pauperis* on September 20, 2011. (Appl. [1].) On September 30, 2011, Magistrate Judge Susan S. Cole granted plaintiff's application, and plaintiff's Complaint was submitted to the Court that day for a frivolity determination under § 1915(e)(2)(B). (Order [2].)

## DISCUSSION

### I.   **THE STANDARD FOR SECTION 1915 REVIEW**

If the Court determines that an action initiated by a party proceeding *in forma pauperis* is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from such claims, it "shall dismiss the case at any time". 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim is frivolous "if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349

2

(11th Cir. 2001)(citing *Battle v. Cent. State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990) and *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). A "claim[] of infringement of a legal interest which clearly does not exist", for example, is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Similarly, factual allegations that "describ[e] fantastical or delusional scenarios" are also frivolous. *Id.* at 328.

The standard for failure to state a claim upon which relief can be granted under § 1915 is the same as that for a Rule 12(b)(6) motion. Specifically, the pleading "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Dumel v. Elvin*, --Fed. App'x--, 2014 WL 1282297, *1 (11th Cir. Apr. 1, 2014)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff must assert 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Indeed, a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Cosby v. First Tenn. Bank Nat. Ass'n, Inc.*, 545 Fed. App'x 796, 798 (11th Cir. 2013)(describing when to dismiss a case "filed *in forma pauperis*").

3

**A.   Plaintiff's Complaint**

Plaintiff's Complaint asserts causes of action for wrongful foreclosure, (Compl. [3] at ¶¶ 45-48); breach of contract, (*id.* at ¶¶ 49-56); civil conspiracy, (*id.* at ¶¶ 57-60); respondeat superior, (*id.* at ¶¶ 61-64); negligent hiring, training, and supervision, (Compl. [3] at ¶¶ 65-68); joint venturer liability, (*id.* at ¶¶ 69-74); and a petition for injunctive relief, (*id.* at ¶¶ 75-88).

Though styled in this manner, plaintiff's claims can be distilled into three related arguments.  First, that her loan documents were not assigned, or were ineffectively assigned, to defendants.  (*Id.* at ¶¶ 11-17, 22-31, 43-44, 49-56, 85.)  Second, that defendants must possess plaintiff's note to possess the authority to foreclose on her residence.  (Compl. [3] at ¶¶ 23, 26, 29-31, 43, 85.)   And finally, that defendants must produce plaintiff's note and prove "that they have the present right to foreclose" to exercise that authority.  (*Id.* at ¶ 20.)  Applying the standard described above, the Court now evaluates plaintiff's claims.

**II.   PLAINTIFF DOES NOT POSSESS STANDING TO CHALLENGE THE ASSIGNMENT OF HER LOAN**

The nub of plaintiff's Complaint is the allegation that her note and deed were either not assigned to defendants, or were not assigned in accordance with the terms of what is purportedly a Pooling Service Agreement governing the CWABS Asset-Backed Trust.  (*See id.* at ¶¶ 11-

4

17, 22-31, 43-44, 49-56.)  In either circumstance, plaintiff claims that the result is defendants' inability to foreclose upon her residence.  (*See, e.g.*, *id.* at ¶¶ 23, 31.)

The position that a mortgagor may contest the assignment of her loan to a third party has been repeatedly rejected by the Eleventh Circuit and this Court[1] because, for under Georgia law, a plaintiff does not possess standing to challenge a contract to which she is not a party.  See O.C.G.A. § 9-2-20; *Edward v. BAC Home Loans Serv., L.P.*, 534 Fed. App'x 888, 891 (11th Cir. 2013)(affirming dismissal of claims relating to validity of assignment); and *Montgomery v. Bank of Am.*, 321 Ga. App. 343, 346 (2013)(same).[2]

---

[1] *See Rowe v. U.S. Bancorp*, --Fed. App'x--, 2014 WL 2700203, *2 (11th Cir. June 16, 2014); *Muhammad v. JP Morgan Chase Bank, NA*, --Fed. App'x--, 2014 WL 2210673, *3 (11th Cir. May 29, 2014)("As the record shows, Muhammad was not a party to the assignment at issue, so he could not contest the assignment under Georgia law."); *Campbell v. Deutsche Bank Nat. Trust Co.*, Civ. Action No. 1:14-cv-1289-RWS, 2014 WL 2711946, *2 (N.D. Ga. June 13, 2014)(Story, J.); *Gardner v. TBO Capital LLC*, --F. Supp. 2d--, 2013 WL 6271897, *7 n.3 (N.D. Ga. Dec. 4, 2013)(Duffey, J.); *Coast v. Bank of N.Y. Mellon Trust (N.Y. BMT), N.A.*, Civ. Action No. 1:13-cv-991-WSD, 2013 WL 5945085, *4 (N.D. Ga. Nov. 6, 2013)(Duffey, J.); and *Breus v. McGriff*, 202 Ga. App. 216, 216 (1991).

[2] Plaintiff tries to circumvent this result by making the conclusory allegation that she is a third-party beneficiary of the Pooling Service Agreement.  (Compl. [3] at ¶ 55.)   Whether a "non-party to a contract has a legally enforceable right therein is a matter of state law." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 981 (11th Cir. 2005).  Under Georgia law, only *intended* third-party beneficiaries may sue on contracts to which they are not parties; "[t]he mere fact that the third party would benefit from performance

5

As stated by the *Montgomery* court, even assuming *arguendo* that the assignment of plaintiff's loan was flawed, the proper party to bring a claim on that basis would be one that entered into the assignment contract, not plaintiff. 321 Ga. App. at 346. Thus, plaintiff's allegations are without arguable merit in law, and are therefore frivolous. (*See* Compl. [3] at ¶¶ 11-17, 22-31, 43-44, 45-56.)

### III. A FORECLOSING ENTITY NEED NOT POSSESS BOTH THE NOTE AND THE DEED

To the extent that plaintiff argues that defendants cannot foreclose upon her residence because they do not possess her note, Georgia courts have rejected such reasoning. (*See id.* at ¶¶ 19-20, 23, 26, 31, 43.) Specifically, in response to a certified question from this Court, the Supreme Court of Georgia held that "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms

---

of the agreement is not alone sufficient." *Gardner & White Consulting Servs., Inc. v. Ray*, 222 Ga. App. 464, 466 (1996); *see* O.C.G.A. § 9-2-20(b) (1933). Here, plaintiff does not specify whether she believes that she is an intended beneficiary of the Pooling Service Agreement, or is merely an incidental beneficiary. The Court suspects that if either is true, it is the latter. The Pooling Service Agreement is a contract between massive financial institutions that governs thousands of mortgages. That the companies would have had plaintiff in mind when drafting the contract, *let alone entered into it for her benefit*, is highly dubious. (*See* Compl. [3] at ¶¶ 12-17.) Plaintiff therefore lacks standing to challenge the assignment of her loan. *See Neitzke*, 490 U.S. at 327 (stating that § 1915 accords courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.").

6

of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." *You v. JP Morgan Chase Bank*, 293 Ga. 67, 74 (2013). Thus, defendants do not automatically lose the ability to foreclose upon plaintiff's residence for the alleged lack of assignment of her note, ineffective assignment of her note, or lack of a beneficial interest in her loan. So plaintiff's allegations on these points are frivolous as well, as they lack arguable merit in law.

**IV.   A "PRODUCE THE NOTE" THEORY IS NOT COGNIZABLE IN GEORGIA**

Plaintiff next claims that, for defendants "to have had a valid and enforceable security interest against [her] [p]roperty", they "must prove that [they] received an endorsement of the Note prior to the Closing Date of the Trust and that [they] had physical possession of the Note at the time of attempting the foreclosure." (Compl. [3] at ¶ 23.) However, such "produce the note" claims "have no bite" under Georgia law. *Graham v. Chase Home Fin.*, Civ. Action No. 1:10-cv-2652-RWS, 2010 WL 5071592, *2 (N.D. Ga. Dec. 6, 2010)(Story, J.).[3]

---

[3] *See also Lesman v. Mortg. Elec. Registration Sys., Inc.*, Civ. Action No. 2:12-cv-00023-RWS, 2013 WL 603895, *4 n.7 (N.D. Ga. Feb. 19, 2013)(Story, J.)(finding that plaintiffs' "produce the note" theory fails as a matter of law); *Wilson v. BB & T Mortg.*, Civ. Action No. 1:10-cv-1234-RWS, 2010 WL 4839372, *3 (N.D. Ga. Nov. 23, 2010)(Story, J.); *Watkins v. Beneficial, HSBC Mortg.*, Civ. Action No. 1:10-cv-1999-TWT-RJV, 2010 WL 4318898, *4 (N.D. Ga. Sept. 2, 2010)(Vineyard, J.)("[N]othing in Georgia law requires a lender commencing foreclosure proceedings to produce the original note."), *adopted* 2010 WL 4312878 (N.D. Ga. Oct. 21, 2010)(Thrash, J.); and *Webb v. Suntrust Mortg., Inc.*, Civ. Action No. 1:10-cv-0307-TWT-CCH,

Indeed, the procedure for executing a non-judicial foreclosure sale as outlined in the Georgia Code does not include the requirement that the foreclosing entity come forth with the note evidencing the mortgagor's debt. O.C.G.A. § 44-14-162.2 (2008); *see also You*, 293 Ga. at 69-74 (describing non-judicial foreclosure sales in Georgia); *Muhammad*, 2014 WL 2210673 at *2 (same); and O.C.G.A. § 44-14-180 (1920). Specifically, the "notice provided to the debtor need only identify 'the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor[.]'" *Muhammad*, 2014 WL 2210673 at *2. And, as noted *supra*, a foreclosing entity need not possess the mortgagor's note or a beneficial interest in the underlying debt to be able to exercise the power of foreclosure. *You*, 293 Ga. at 74. Consequently, plaintiff's allegations on this point are frivolous and fail to state a claim upon which relief can be granted.

## V.   **PLAINTIFF HAS NOT MET THE HEIGHTENED PLEADING STANDARD**

In addition to the above, plaintiff's Complaint must be dismissed under § 1915 because it fails to comply with the heightened pleading standard imposed by the Supreme Court in *Twombly* and *Iqbal*. Although *pro se* plaintiffs are held to a less stringent standard than

---

2010 WL 2950353, *2 n.5 (N.D. Ga. July 1, 2010)(Hagy, J.), *adopted* 2010 WL 2977950 (N.D. Ga. July 23, 2010)(Thrash, J.)

8

are those represented by attorneys, they still must allege facts that "nudge[] their claims across the line from conceivable to plausible". *Twombly*, 550 U.S. at 570; *see Howard v. Memnon*, --Fed. App'x--, 2014 WL 3411093, *4 (11th Cir. July 15, 2014)("At the same time, a court must hold a plaintiff's *pro se* allegations to less stringent standards than formal pleadings drafted by lawyers.").

Here, plaintiff's allegations are conclusory, contradictory, and vague, and thus fail to meet the pleading standard of *Twombly* and *Iqbal*. For example, the allegations that comprise plaintiff's wrongful foreclosure count consist of the statements that Citi's initiation of foreclosure proceedings "is negligent, wanton, or intentional, depending upon proof adduced at trial", and is "in violation of law." (Compl. [3] at ¶¶ 46-47.) But plaintiff fails to describe how or why that is so, and does not cite what law Citi's conduct allegedly violates. Similarly, with respect to plaintiff's claim that Citi "has no standing to initiate a foreclosure action against her property", the "proof of said lack of standing to foreclose" apparently does not appear in plaintiff's Complaint, but may be "provide[d] [by her] at an evidentiary hearing." (*Id.* at ¶ 43.) Plaintiff's civil conspiracy count is equally skimpy on details. There, she claims that she suffered "civil wrongs" as a result of defendants' "unlawful combination and conspiracy to originate, raise, and service a mortgage loan through a pattern and

9

practice of predatory lending". (*Id.* at ¶¶ 21, 58-59.) No further detail on the nature of the alleged conspiracy is provided. Because plaintiff's Complaint lacks a valid and properly pled wrongful act allegedly committed by defendants, her respondeat superior, negligent hiring, training, and supervision, and joint venture counts--which are equally conclusory--also fail. (*Id.* at ¶¶ 61-74.)

As for her contradictory allegations, plaintiff alleges both that her loan was sold to Bank of New York, and also that Bank of New York does not own her loan. (Compl. [3] at ¶¶ 13, 20.) She claims that the assignment of her loan did not occur or was non-existent, but then bases a large portion of her Complaint and the entirety of her breach of contract claim upon a document governing that transaction. (*Id.* at ¶¶ 26, 44, 49-56; *see also id.* at ¶¶ 24-25, 27-31.) At times plaintiff alleges that Citi is an agent subject to Bank of New York's control; at other times, the two are alleged to be engaged in a joint venture "as defined by controlling law." (*Id.* at ¶¶ 61-74); *see Kitchens v. Busman*, 280 Ga. App. 163, 167 (2006)("Without the element of mutual control, no joint venture can exist."). And while plaintiff claims that Citi has no authority to foreclose upon her residence, she also concedes that it is acting as a beneficiary of her Security Deed, which would give it that authority under Georgia law. (*See, e.g.*, Compl. [3] at ¶¶ 20, 31) and *You*, 293 Ga. at 74.

10

Finally, plaintiff's claim that Citi "did not give [her] any indication of, and did not identify, the [CWABS Asset-Backed] Trust as the creditor in any of its communications or notices" is too vague to state a ground upon which the Court could grant relief. (*Id.* at ¶ 18.) Georgia law requires that a foreclosure notice identify the entity with the power to "negotiate, amend, and modify all terms of the mortgage with the debtor." *You*, 293 Ga. at 74. Had plaintiff alleged that Bank of New York was the entity with such authority, the above allegation arguably may have stated a ground for relief. But she did not, claiming instead that Bank of New York does not own her loan, and that any assignment to it was ineffective or non-existent. (Compl. [3] at ¶¶ 20, 23, 26, 44.) Lacking statements identifying the entity with the authority to modify or amend her loan, plaintiff's allegation regarding the foreclosure notice sent to her by Citi is too vague to constitute a plausible cause of action.

For the foregoing reasons, plaintiff's allegations are insufficient to nudge her claims across the line from conceivable to plausible. Her complaint fails to state a claim upon which relief can be granted.

**VI.  PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF**

Plaintiff requests that the Court "estop[] and enjoin" Citi from foreclosing upon her Stone Mountain residence "until such time as [plaintiff's] claims are heard and they offset or diminish to some

11

degree any claims that [Citimortgage has] on the note." (Compl. [3] at ¶ 34.) Additionally, plaintiff prays for a temporary restraining order halting the foreclosure of her residence. (*Id.* at ¶¶ 75-88.)

A party seeking injunctive relief must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) that the injury outweighs whatever damage an injunction may cause to the opposing party; and (4) that the injunction would not be adverse to the public interest. *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1217 (11th Cir. 2009)(citing *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). When the request for injunctive relief seeks a temporary restraining order or preliminary injunction, the Federal Rules impose additional requirements. *Cf. Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001); FED. R. CIV. P. 65(b)(1) (2014). Then, a court may issue temporary restraining orders only if

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant [] certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

Here, in addition to her failure to provide reasons why notice to defendants should not be required, plaintiff is not entitled to

12

the injunctive relief she seeks because, for the reasons described *supra*, she has not shown a likelihood of success on the merits of her claims, and also because the date of foreclosure has passed, so her plea is moot.[4]

## VII. THE ISSUES OF MOOTNESS AND PLAINTIFF'S FAILURE TO PROSECUTE HER CLAIMS

Two final issues weigh in favor of dismissing plaintiff's Complaint without prejudice. First, plaintiff's filing was the last action she took with respect to her suit; she has shown no interest in prosecuting her case since that time. *See* LR 41.3 N.D. Ga. (2009). Second, the established date of foreclosure, October 4, 2011, passed long ago and it appears that the Stone Mountain

---

[4] Moreover, Georgia law requires that, "[t]o enjoin a foreclosure proceeding[,] a borrower must tender the amounts admittedly due even though [she] claims that the lender has breached some independent covenant in the contract." *Mickel v. Pickett*, 241 Ga. 528, 537 (1978). Plaintiff has neither alleged that her loan is current, nor has she offered to make it so. Rather, she claims that the default that does exist is false, a fiction created by Citi. (Compl. [3] at ¶¶ 55, 84.) Where a complaint shows that no sums are due under a loan, the tender requirement is removed. *Everson v. Franklin Discount Co.*, 248 Ga. 811, 813 (1982). However, "a mere allegation in a complaint that 'no sums are due' may not be sufficient to excuse tender." *Sapp v. ABC Credit & Inv. Co.*, 243 Ga. 151, 158 (1979). Plaintiff's only argument that her loan is not in default is the bare allegation that the $98,650.00 "due and owing on [her] loan" was the result of "illegal, unauthorized charges" applied by defendants. (Compl. [3] at ¶¶ 9, 55.) The Court is skeptical that this "mere allegation" would be sufficient to remove plaintiff's requirement to tender the amount due on her loan. But because plaintiff failed to show a likelihood of success on the merits, the Court does not reach this issue. *Cf. Sapp*, 243 Ga. at 158.

13

residence has since been sold.  As a result, plaintiff's Complaint is moot, at least insofar as she seeks equitable relief.

## CONCLUSION

For the foregoing reasons, the Court determines that plaintiff's allegations are frivolous and fail to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's Complaint [3] is therefore **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court is directed to **CLOSE** this case.

SO ORDERED, this 23rd day of July, 2014.


/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

14

AO 72A
(Rev.8/82)